[No. 2101-1.    Division One.    October 21, 1974.]

MARY KREIGER, *Respondent*, v. JAMES HARTIG *et al.,* *Appellants.*

*John G. Ritchie* and *Bruce T. Thurston,* for appellants.

*Donald A. McLeod* and *Malcolm S. McLeod,* for respondent.

JAMES, J.—Mary Kreiger sued James Hartig for conversion of certain property securing a debt Hartig owed to Kreiger. After trial to the court, judgment was entered in favor of Kreiger and Hartig appeals.

Hartig does not assign error to the trial judge's findings of fact. They therefore will be accepted as true. The judge found that Kreiger made several loans to Hartig totaling $5,798.98 which were not repaid. The judge further found:

> That to secure the above obligations, defendant Hartig, and plaintiff Kreiger, orally agreed that defendant would give plaintiff security interest in a 1952 Kenworth dump truck owned by Hartig. That defendant Hartig caused plaintiff's name to be placed on the title to the above vehicle in the records of the State of Washington pursuant to their oral agreement and with the intent to give plaintiff a security interest in the vehicle.

Finding of fact No. 4. The trial judge found that Hartig removed and sold parts from the truck without the knowledge or consent of Kreiger, thereby drastically reducing the value of the security. Hartig then filed a voluntary petition in bankruptcy, listed Kreiger as an unsecured creditor, and obtained a general discharge.

The trial judge concluded:

> That defendant transferred to plaintiff a valid enforceable security interest in the 1952 Kenworth truck. That said security interest was perfected and enforceable under the laws of the State of Washington.

Conclusion of law No. 4.

> That the sale of the parts by defendant from said vehicle was in no way a commercially reasonable sale and that said action amounted to fraudulent treatment of the security by defendant and such action renders plaintiff's claim not dischargeable under the laws of bankruptcy.

Conclusion of law No. 5. Hartig only assigns error to the above quoted conclusions and the entry of judgment thereon against him.

Kreiger's suit is based upon an exception to discharge in bankruptcy for the bankrupt's "willful and malicious injuries to the person or property of another." Act of June 22, 1938, ch. 575, § 1, 52 Stat. 851.[1] *See Chace v. Kelsall,* 72 Wn.2d 984, 435 P.2d 643 (1967). Hartig contends that Kreiger did not have an enforceable security interest in the truck, and therefore that there was no injury to a "property" interest within the above quoted exception. He points out that RCW 62A.9-203 requires all security interests to be in writing to be enforceable. Kreiger answers that the application for the new title certificate was sufficient to create an enforceable security interest.

The narrow issue for our decision then is whether an application for a new certificate of ownership of a motor vehicle can create an enforceable security interest. We hold that it can and affirm.

RCW 62A.9-204(1) provides:

A security interest cannot attach until there is agreement (subsection (3) of RCW 62A.1-201) that it attach and value is given and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching.

Hartig concedes that value was given and he had rights in the collateral. An "agreement" is defined as

the bargain of the parties in fact as found in their language *or by implication from other circumstances* . . .

(Italics ours.) RCW 62A.1-201(3). The oral agreement found by the trial judge appears to be sufficient to satisfy the requirements of *this section.* Hartig argues, however,

---

[1]After the filing of the petition in bankruptcy, the pertinent provision of 11 U.S.C. § 35(a)(2)(1970) was amended to except from discharge the bankrupt's "willful and malicious conversion of the property of another."

that under RCW 62A.9-203, an oral security agreement is unenforceable.

■ RCW 62A.9-203 states that a nonpossessory "security interest is not enforceable against the debtor or third parties unless . . . (b) the debtor has signed a security agreement which contains a description of the collateral . . ." Official Comment 5 to section 9-203, RCWA 62A.9-203, indicates that this provision is in the nature of a statute of frauds. The requirements necessary to make the interest enforceable are (1) a writing, (2) signed by the debtor, and (3) a description of the collateral.

RCW 46.12.030,[2] dealing with the issuance of new certificates of ownership of a motor vehicle, requires that an application for a new certificate shall be signed and sworn to by the owner and contain a "full description" of the vehicle and a statement of the "character of any and all encumbrances . . . upon said vehicle." The application thus constitutes a writing, signed by the debtor, describing the collateral.[3]

■ Hartig argues, however, that the application is insufficient to establish such an interest because the applica-

---

[2]"Certificate of ownership—Application—Contents. The application for certificate of ownership shall be upon a blank form to be furnished by the director and shall contain:

"(1) A full description of the vehicle, which said description shall contain the manufacturer's serial number if it be a trailer, the motor number or proper identification number if it be a motor vehicle, the number of miles indicated on the odometer at the time of delivery of the vehicle, and any distinguishing marks of identification;

"(2) A statement of the nature and character of the applicant's ownership, and the character of any and all encumbrances other than statutory liens upon said vehicle;

"(3) Such other information as the director may require: *Provided,* That the director may in any instance, in addition to the information required on said application, require additional information and a physical examination of the vehicle or of any class of vehicles, or either.

"Such application shall be subscribed by the applicant and be sworn to by him before a notary public or other officer authorized by law to take acknowledgments of deeds, or other person authorized by the director to certify to the signature of the applicant upon such application."

[3]Hartig does not contend that the required description under RCW

tion does not contain any words "granting" Kreiger such an interest. RCW 62A.9-105 defines a security agreement as "an agreement which creates or provides for a security interest." The Uniform Commercial Code's definition of an "agreement," quoted above, indicates that under the Code, whether an agreement exists is essentially a question of fact to be resolved by the trier of fact. Official Comment 4 to section 9-203, RCWA 62A.9-203, also indicates that whether any particular writing was intended to create or provide for a security interest is also a question of fact. In view of the Code's general policy to avoid technical formalities, we hold that the evidence permitted the trial judge to find that Hartig's written application for transfer of title to Kreiger was sufficient to "create" a security interest in compliance with the requirements of section 9-203. *Accord, Clark v. Vaughn,* 504 S.W.2d 550 (Tex. Civ. App. 1973); *In re Estate of Mertz,* 24 Pa. D. & C.2d 755, 1 UCC Rep. Serv. 452 (Montgomery County Orphans' Ct. 1961).

The trial judge in this case found that

> defendant Hartig caused plaintiff's name to be placed on the title to the above vehicle in the records of the State of Washington pursuant to their oral agreement and *with the intent to give plaintiff a security interest* in the vehicle.

(Italics ours.) Finding of fact No. 4. Hartig has not assigned error to this finding, and we are therefore bound by it. Nor does Hartig contend that the filing of the application with the Department of Motor Vehicles did not "perfect" the security interest under RCW 62A.9-302(4).

We recognize that there is a division of authority upon the precise issue presented in this case. *American Card Co. v. H.M.H. Co.,* 97 R.I. 59, 196 A.2d 150 (1963), cited by Hartig, is an example. The court there held that a

---

46.12.030(1) is insufficient to fulfill the requirements of RCW 62A.9-110:

   Sufficiency of description. For the purposes of this Article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.

financing statement failed to qualify as a security agreement because it did not, by its terms, evidence any agreement by the debtor to *grant* a security interest. We agree with the reasoning of the comment concerning the case appearing in 6D UCC Rep. Digest, § 9-203, A6. Whether a writing is or is not a security agreement is a question of fact. We hold that the trial court properly considered parol evidence in finding the parties intended that the application and the title certificate to the truck would create a security interest.

Affirmed.

SWANSON, C.J., and FARRIS, J., concur.