ROAN v MURRAY

Docket No. 176124. Submitted May 9, 1996, at Detroit. Decided October 25, 1996, at 9:05 A.M.

James Roan brought an action in the St. Clair Circuit Court against Steven C. Murray, seeking either rescission of a contract for the sale of an automobile to the defendant plus consequential damages or damages for the breach of the contract. The plaintiff had sold the automobile to the defendant for $3,500 under an agreement that the defendant would pay the purchase price in installments. When the defendant stopped making payments after having made sporadic payments totaling $1,100, the plaintiff commenced his action, arguing that the defendant's application for a certificate of title, which listed the plaintiff as a secured party and listed the purchase price as being $500, constituted a security agreement within the meaning of § 9-203 of the Uniform Commercial Code, MCL 440.9203; MSA 19.9203. The court, Ernest F. Oppliger, J., held that the application created a valid security agreement, but that the $500 purchase price listed on the application limited the plaintiff's security interest to that amount. The court concluded that because the defendant had already made more than $500 in payments, the security interest was extinguished and, accordingly, entered a money judgment for the plaintiff in the amount of the unpaid balance of $2,400. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. The trial court correctly concluded that the defendant's application for a certificate of title listing the plaintiff as a secured party created a security agreement within the meaning of § 9-203 of the UCC. The application for a certificate of title showed unequivocally that the plaintiff was to have a security interest in the automobile. Accordingly, the title application constituted a security agreement that gave the plaintiff a security interest in the automobile.

2. The trial court erred in ruling that the plaintiff's security interest is necessarily limited to $500. While the purchase price of $500 was listed on the title application, that figure is not necessarily a term of the security agreement itself. A security agreement is not required to state the amount of the debt secured. At most, the representation on the application that the purchase price was $500

creates only a question of fact concerning the intended scope of the security interest. Accordingly, the matter must be remanded to the trial court to resolve the question of fact concerning the scope of the security interest.

3. The trial court did not err in ruling that the plaintiff is not entitled to an award of attorney fees. The plaintiff is not entitled to attorney fees pursuant to MCL 440.2715; MSA 19.2715, because the plaintiff was the seller and that provision provides for incidental and consequential damages for a buyer in the event of a seller's breach. Neither is the plaintiff entitled to attorney fees pursuant to MCL 440.9504(1); MSA 19.9504(1), because the security agreement made no provision for the attorney fees and legal expenses of the secured party.

Affirmed in part, reversed in part, and remanded.

1. SECURED TRANSACTIONS — SECURITY AGREEMENTS — MOTOR VEHICLE TITLE APPLICATION.

A motor vehicle title application that indicates that there is a secured party is a security agreement within the meaning of the secured transactions section of the Uniform Commercial Code (MCL 440.9105[1], 440.9203; MSA 19.9105[1], 19.9203).

2. SECURED TRANSACTIONS — SECURITY AGREEMENTS — MOTOR VEHICLE TITLE APPLICATION — PURCHASE PRICE — SCOPE OF SECURITY INTEREST.

An indication of the purchase price of a motor vehicle on a motor vehicle title application that indicates that there is a secured party is not conclusive of the extent of the security interest thus created and, at most, creates a question of fact concerning the scope of the security interest.

*Steve Lehto*, for the plaintiff.

*Kane, Clemons and Joachim* (by *Thomas M. Clemons*), for the defendant.

Before: REILLY, P.J., and CAVANAGH and R. C. ANDERSON,* JJ.

PER CURIAM. Plaintiff appeals by leave granted a trial court order granting judgment for plaintiff in the amount of $2,400. We affirm in part, reverse in part,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and remand for proceedings consistent with this opinion.

The facts of this case are essentially undisputed. On March 13, 1987, plaintiff sold defendant a 1968 Chevrolet Corvette for $3,500. Plaintiff is listed as the first secured party on defendant's application to the Secretary of State for the certificate of title, which was signed by defendant. The purchase price of the vehicle was listed on the title transfer application as $500.

The parties agreed that defendant would pay plaintiff in installments, without interest. Defendant made sporadic payments of $100 to plaintiff until August 21, 1989, by which time defendant had paid a total of $1,100. Defendant then failed to make additional payments, and plaintiff sought the return of the vehicle. According to plaintiff, defendant refused to either return the vehicle or pay the remaining $2,400 owed on it. Defendant asserts, however, that he has offered to pay the entire amount from the beginning of the dispute and opposes only repossession of the vehicle.

Plaintiff filed a complaint on January 21, 1993. Plaintiff argued that the application for certificate of title constitutes a security agreement for purposes of § 9-203 of the Uniform Commercial Code, MCL 440.9203; MSA 19.9203. The trial court agreed and ruled that plaintiff had a valid security agreement. However, the trial court then ruled that because defendant listed the price of the vehicle as $500 on the application, defendant's security interest was only for that amount. The trial court further concluded that because defendant had already made more than $500 in payments for the car, plaintiff's security interest had already been extinguished. Accordingly, the

trial court entered a money judgment for plaintiff in the amount of $2,400, but ordered plaintiff to execute a release of his security interest on the title of the vehicle. This appeal followed.

I

Plaintiff argues that the trial court erred in ruling that his security interest in the Corvette has been discharged and that plaintiff is not entitled to the return of the vehicle. This is a question of law that we review de novo on appeal. *McCaw v T & L Operations, Inc*, 217 Mich App 181, 185; 550 NW2d 852 (1996).

Plaintiff essentially contends that the trial court erred in relying upon defendant's false representation of the vehicle purchase price in the application for certificate of title to conclude that plaintiff's security interest was limited to $500. In response, defendant argues that plaintiff failed to establish any enforceable security interest at all because the title application is insufficient to constitute the type of written security agreement required by § 9-203 of the UCC.

The necessary components of a security agreement under the UCC are minimal. Article 9 defines a "security agreement" as "an agreement which creates or provides for a security interest." MCL 440.9105(1); MSA 19.9105(1). Section 9-203(1), MCL 440.9203(1); MSA 19.9203(1), which is essentially a statute of frauds, provides that a security interest is not enforceable against a debtor and does not attach unless the secured party retains possession of the col-

lateral or the agreement is in writing, signed by the debtor, and contains a description of the collateral.[1]

The question presented, then, is whether the vehicle title application was sufficient to create a security interest in the Corvette. Other jurisdictions have addressed this issue and arrived at opposite conclusions. In *White v Household Finance Corp*, 158 Ind App 394, 406; 302 NE2d 828 (1973), the court held that the application for certificate of title was not sufficient to create a security interest because it was not the agreement of the parties, but merely evidence that there may be an agreement. However, in *Krieger v Hartig*, 11 Wash App 898, 900-902; 527 P2d 483 (1974), the court held that, in view of the UCC's general policy to avoid technical formalities, the application for transfer of title was sufficient to create a security interest in compliance with § 9-203.

Under Michigan law,

"[a]greement" means the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or

---

[1] MCL 440.9203(1); MSA 19.9203(1) provides:

Subject to the provisions of section 4208 on the security interest of a collecting bank, section 8321 on security interests in securities, and section 9113 on a security interest arising under the article on sales, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:

(a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned; and

(b) Value has been given; and

(c) The debtor has rights in the collateral.

course of performance as provided in this act (sections 1205 and 2208). [MCL 440.1201(3); MSA 19.1201(3).]

The Supreme Court has recognized that, although a signed writing describing the collateral is required, the other requirements of an "agreement" under the UCC may be established by parol evidence of course of dealings, usage of trade, or course of performance. See *NBD-Sandusky Bank v Ritter*, 437 Mich 354, 364-365; 471 NW2d 340 (1991). The application for a certificate of title showed unequivocally that plaintiff was to have a security interest in the Corvette. Thus, we conclude that the title application constituted a security agreement that gave plaintiff a security interest in the vehicle.

However, while we hold that the trial court correctly concluded that defendant's title certificate application was sufficient evidence of the security agreement for purposes of § 9-203(1) of the UCC, we find that the trial court erred in ruling that plaintiff's security interest is necessarily limited to $500 of the purchase price, which the parties agree was $3,500. While the purchase price is listed as $500 on the title application, that figure is not necessarily a term of the security agreement itself. Indeed, it is highly questionable whether a written security agreement needs to state any terms of the security agreement other than to sufficiently describe the collateral. See MCL 440.9203(1)(a); MSA 19.9203(1)(a). A security agreement is not required to state the amount of the debt secured. 68A Am Jur 2d, Secured Transactions, § 179, p 179. At most, the representation on the application that the purchase price was $500 creates only a question of fact concerning the intended scope of plain-

tiff's security interest, not a conclusive statement of the amount of security involved.

Furthermore, even if it were established that plaintiff's security interest is limited to $500, we reject the trial court's conclusion that defendant's initial payment of $1,100 on the debt necessarily discharges plaintiff's security interest. It could be argued that defendant's $1,100 in payments were made on the $3,000 of unsecured debt and that none of the $500 of secured debt has yet been paid by defendant. This interpretation seems more consistent with the parties' actual course of conduct, as apparently neither party sought the removal of plaintiff's lien on the title once $500 of the debt had been paid.

Plaintiff also argues that he is entitled to repossession of the vehicle pursuant to MCL 440.9503; MSA 19.9503, which states that "[u]nless otherwise agreed a secured party has on default the right to take possession of the collateral." Because we find that the trial court erred in holding that plaintiff's security interest had been extinguished and that a question of fact exists as to the extent of plaintiff's interest, we direct the trial court to address this issue on remand. We note that if plaintiff is entitled to repossession of the Corvette and he elects to retain it, he must provide written notice to defendant. Defendant will then have twenty-one days to object in writing, in which case plaintiff must dispose of the vehicle in a commercially reasonable manner and account to defendant for any surplus.[2] See MCL 440.9504(2); MSA

---

[2] Defendant argues that because he made significant improvements to the Corvette, including repainting it, rebuilding the engine, and replacing the interior, the vehicle is now worth considerably more than the $3,500 purchase price.

19.9504(2) and MCL 440.9505; MSA 19.9505. We do not decide here whether defendant is entitled to recoup the costs of labor and materials expended in renovating the Corvette.

II

Plaintiff also argues that the trial court erred in ruling that he was not entitled to attorney fees and court costs. Michigan adheres to the "American rule" that attorney fees are not recoverable unless expressly authorized by statute or court rule. *Matras v Amoco Oil Co*, 424 Mich 675, 695; 385 NW2d 586 (1986); *In re Sloan Estate*, 212 Mich App 357, 361; 538 NW2d 47 (1995). The general rationale of the rule is to ensure that private parties who pursue individual legal and equitable remedies bear the expenses of litigation in most instances. *Id.*

Plaintiff first relies on MCL 440.2715; MSA 19.2715. We find plaintiff's reliance on that statute to be misplaced, however, because it allows a *buyer* to recover incidental and consequential damages in the event of a *seller's breach*. Because plaintiff, the seller, has brought this lawsuit on the basis of the buyer's breach, he is not entitled to attorney fees and court costs under this section.

Plaintiff also claims that he is entitled to attorney fees and court costs under MCL 440.9504(1)(a); MSA 19.9504(1)(a), which allows secured parties to recover reasonable expenses incurred in retaking the collateral. However, that section allows recovery of reasonable attorneys' fees and legal expenses incurred by the secured party only "to the extent provided for in the agreement." The absence of any express agreement for payment of attorney fees and

litigation costs in this case therefore precludes plaintiff's claim.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.