WEBB v HOLZHEUER

Docket No. 241840. Submitted November 5, 2003, at Lansing. Decided
November 13, 2003, at 9:00 A.M.

Vincent and Sharon Webb brought an action in the Saginaw Circuit
Court against R.L. Holzheuer, seeking damages under various con-
tract and tort theories for the defendant's failure to build the plain-
tiffs' house properly. Case evaluation resulted in an award for the
plaintiffs, which they accepted but the defendant rejected. The par-
ties thereafter reached a settlement and stipulated the entry of an
order that incorporated the parties' agreement, dismissed the case,
and allowed the court, William A. Crane, J., to retain jurisdiction to
enforce the settlement. After the defendant did not make the
repairs required by the settlement agreement and did not agree
with estimates of work performed, the plaintiffs moved for case
evaluation sanctions and prejudgment interest. The court denied
the motion. The plaintiffs appealed.

The Court of Appeal *held*:

1. The trial court did not err in denying the plaintiffs an award of
case evaluation sanctions. The judgment that was less favorable to
the defendant than the case evaluation award was not the result of
a ruling on a motion after rejection of the case evaluation, MCR
2.403(O)(2)(c), but was the result of the parties' settlement and its
subsequent enforcement.

2. The trial court did not err in denying the plaintiffs an award of
prejudgment interest. The plaintiffs waived their right to prejudg-
ment interest by stipulating a judgment without separately negotiat-
ing and stipulating the amount of prejudgment interest.

Affirmed.

1. PRETRIAL PROCEDURE — CASE EVALUATION — REJECTING PARTY'S LIABILITY
   FOR COSTS — CONSENT JUDGMENTS.

A consent judgment that is less favorable to a party than a case evalu-
ation rejected by that party is not a less favorable verdict or judg-
ment entered as a result of a ruling on a motion after rejection of
the case evaluation for purposes of assessing the party's liability for
costs as a sanction for rejecting the case evaluation (MCR
2.403[O]).

2. INTEREST — JUDGMENTS — CONSENT JUDGMENTS — PREJUDGMENT INTEREST.
   A consent judgment creditor waives the right to prejudgment interest
   in the absence of a stipulation for prejudgment interest.

*King & Cassell, P.C.* (by *David D. Grande-Cassell*), for the plaintiffs.

*Cady, Mastromarco & Jahn, P.C.* (by *Gregory P. Jahn* and *Russell C. Babcock*), for the defendant.

Before: O'CONNELL, P.J., and JANSEN and WILDER, JJ.

O'CONNELL, P.J. Plaintiffs appeal as of right the trial court's order denying their request for prejudgment interest and case evaluation sanctions against defendant. We affirm.

Plaintiffs sued defendant under various contract and tort theories for defendant's failure to build their house properly. Defendant rejected a case evaluation award that plaintiffs accepted. At trial, however, the parties settled the matter, and the jury never returned a verdict. The parties recited their agreement on the record and stipulated an order. The trial court then entered the stipulated order and dismissed the case, but retained jurisdiction to enforce the settlement. The settlement required defendant to make repairs within a certain time frame, or pay additional money. After the trial court accepted the parties' stipulation, the trial court's orders functioned only to enforce the parties' agreement. Defendant did not meet the repair requirements and did not agree with estimates of how much work he had done. Plaintiffs raised their interest and sanctions arguments at the final hearing to determine the amount of money defendant owed for not making the required repairs.

Plaintiffs first contend the trial court erred in denying their motion for costs pursuant to MCR

2.403(O)(1). We disagree. We review the interpretation and application of a court rule de novo. *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001). Under MCR 2.403(O)(1), a party who rejects a case evaluation award may be charged with the opposing party's costs unless the continued litigation provides the rejecting party with a more favorable verdict. The rule defines "verdict" as including "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c).

Plaintiffs contend they are entitled to costs because this case proceeded to a verdict, namely "a judgment entered as a result of a ruling on a motion." Plaintiffs note the trial court entered judgment pursuant to their motion for entry of a stipulated judgment, and the judgment form indicates it was entered "On Motion."

When interpreting a court rule, we apply general principles of statutory construction. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). When the language of the rule is clear and unambiguous, the plainly expressed meaning must be enforced. *Id.*, citing *Grievance Administrator v Underwood*, 462 Mich 188-193, 194; 612 NW2d 116 (2000). If judicial construction is necessary, we aim to apply the plain language of the rule, giving effect to the ordinary meaning of the words in light of the purpose to be accomplished. *Dykes v William Beaumont Hosp*, 246 Mich App 471, 484; 633 NW2d 440 (2001). "The purpose of the mediation rule is to expedite and simplify final settlement of cases." *Neal v Neal*, 219 Mich App 490, 493; 557 NW2d 133 (1996).

In this case, the parties settled the case. Therefore, the less favorable judgment was not the "result of a ruling on a motion," but the result of the parties' settlement and its subsequent enforcement. This interpretation corresponds with the traditionally accepted view of what the phrase "the result of a ruling on a motion" means. 2 Dean & Longhofer, Michigan Court Rules Practice (4th ed), § 2403.21, p 529. Moreover, if we required rejecting parties to pay an opposing party's costs when rejecting parties *settle* a case for less than the case evaluation award, we would force them to eschew any settlement offer between case evaluation and the jury's verdict that does not significantly improve on the case evaluation award. This would prove counterproductive to the purpose of the rule. Therefore, the trial court did not err when it denied plaintiffs' motion for costs.

Next, plaintiffs argue that the trial court erred when it denied their motion for prejudgment interest. We disagree. Plaintiffs waived their right to prejudgment interest by stipulating a judgment without separately negotiating and stipulating the amount of prejudgment interest owed. *Freysinger v Taylor Supply Co*, 197 Mich App 349, 350-351; 494 NW2d 870 (1992); *Madison v Detroit*, 182 Mich App 696, 700; 452 NW2d 883 (1990). Therefore, the trial court did not err in denying plaintiffs' motion.

Affirmed.