*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEAN C. METRY,

    Plaintiff-Appellant,

v

COASTAL COMMUNITY FEDERAL CREDIT
UNION, TIM FOLEY, and LORA WORTHY,

    Defendants-Appellees.

UNPUBLISHED
September 2, 2021

No. 354372
Macomb Circuit Court
LC No. 2019-002483-CK

Before: SAWYER, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

  Plaintiff appeals as of right the trial court's grant of defendants, Coastal Community Credit
Union (Coastal), Tim Foley, and Lora Worthy's, motion for summary disposition, under MCR
2.116(C)(1) for lack of jurisdiction. We affirm.

## I. FACTUAL BACKGROUND

  Plaintiff submitted a loan request to Coastal for $25,000 to purchase a used 1999 Bentley
Arnage automobile. On the loan application, plaintiff listed his address as P.O. Box 1195,
Galveston, Texas, 77553. The loan request was approved and plaintiff purchased the vehicle.
Plaintiff insured the Bentley with Hagerty Insurance Company (Hagerty). Plaintiff filed a
complaint in Macomb Circuit Court, alleging tortious interference with contractual relations and
extortion by defendants. He claimed the Macomb Circuit Court had jurisdiction over the matter
because he was a resident of Macomb County, Michigan, and because "the acts complained of
have occurred . . . in the [s]tate of Michigan." Defendants moved the trial court for summary
disposition under MCR 2.116(C)(1), (4), (8) and (10), arguing that the allegedly tortious actions
took place in Texas, not Michigan, and that the trial court therefore did not have jurisdiction over
defendants. Defendants reasoned that "there is no proof that . . . [Coastal] or its employees [Foley
and Worthy] reached beyond Texas to purposefully avail themselves of and exploit Michigan's
business opportunities." Plaintiff filed a response, claiming that he was a "Michigan domiciliary"
and that defendants "deliberately subjected [themselves] to Michigan jurisdiction by contacting

the insurance company at the [Michigan] location and refusing to allow Hagerty to peacefully conduct the insurance transaction with [p]laintiff."

The trial court issued an opinion and order, granting defendants' motion for summary disposition under MCR 2.116(C)(1) because plaintiff had not established that Michigan courts could properly exercise personal jurisdiction over defendants. Plaintiff filed a motion for reconsideration, requesting the trial court set aside the order of dismissal. The trial court denied plaintiff's motion for reconsideration in an opinion and order. This appeal followed.

## II. STANDARD OF REVIEW

In Michigan, a party may move the court for summary disposition in their favor. MCR 2.116(B)(1). In particular, a party may move for summary disposition for lack of personal jurisdiction. MCR 2.116(C)(1).[1] Such a motion must be supported by depositions, admissions, or other documentary evidence. MCR 2.116(G)(3), (4).

We review de novo a trial court's decision to grant or deny summary disposition. *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). The de novo standard of review means that we review the issues independently, without deference to the trial court's decision. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009), citing *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 714 n 33; 624 NW2d 443 (2000). A reviewing court must accept all well-pleaded factual allegations as true and consider the evidence in the light most favorable to the nonmoving party. *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010).

"When reviewing a trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(1), . . . this Court consider[s] the pleadings and documentary evidence submitted by the parties in a light most favorable to the nonmoving party." *Yoost v Caspari*, 295 Mich App 209, 221; 813 NW2d 783 (2012). The plaintiff has the burden of "establishing jurisdiction over the defendant, but need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition." *Id*., citing *Jeffrey v Rapid American Corp*, 448 Mich 178, 184; 529 NW2d 644 (1995).

The de novo standard of review also applies to our interpretation of Michigan statutes and the Michigan Rules of Court. *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 483; 722 NW2d 906 (2006); *Webb v Holzheuer*, 259 Mich App 389, 391; 674 NW2d 395 (2003).

Legal questions are likewise reviewed de novo. *In re Estate of Moukalled*, 269 Mich App 708, 713; 714 NW2d 400 (2006), citing *Roan v Murray*, 219 Mich App 562, 565; 556 NW2d 893 (1996). The question whether a court's exercise of jurisdiction over a defendant would comport

---

[1] Defendants sought summary disposition under MCR 2.116(C)(1), MCR 2.116(C)(4), MCR 2.116(C)(8), and MCR 2.116(C)(10). However, because the trial court specifically granted summary disposition on the issue of jurisdiction, our analysis is limited to MCR 2.116(C)(1).

with due process is also matter of law that is reviewed de novo. *Poindexter v Poindexter*, 234 Mich App 316, 319; 594 NW2d 76 (1999).

### III. LAW AND ANALYSIS

Plaintiff argues the trial court erred in granting defendants' motion for summary disposition because the trial court had personal jurisdiction over defendants under MCL 600.705 and MCL 600.715. We disagree.

"Before a court may obligate a party to comply with its orders, the court must have in personam jurisdiction over the party. Jurisdiction over the person may be established by way of general personal jurisdiction or specific (limited) personal jurisdiction." *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 427; 633 NW2d 408 (2001). In this case, plaintiff argues that Michigan courts have limited personal jurisdiction over defendants.

Michigan courts apply a two-step process to determine whether a Michigan court may exercise limited personal jurisdiction over a defendant. *Jeffrey*, 448 Mich at 184-185. First, we must determine whether jurisdiction is authorized by the applicable long-arm statute. *Yoost*, 295 Mich App at 222. As discussed below, MCL 600.715 is the long-arm statute that deals with jurisdiction over corporations, and MCL 600.705 is the long-arm statute that deals with jurisdiction over individuals. Second, we must determine whether the exercise of jurisdiction would comport with due process. *Electrolines, Inc v Prudential Assurance Co*, 260 Mich App 144, 167; 677 NW2d 874 (2003). Limited personal jurisdiction is valid if both of these requirements are satisfied. *Yoost*, 295 Mich App at 222.

Determining whether limited personal jurisdiction would comport with due process requires us to first determine whether defendants have "minimum contacts" with the state in question. *WH Froh, Inc v Domanski*, 252 Mich App 220, 227; 651 NW2d 470 (2002). A defendant must "have certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co v Washington*, 326 US 310, 316; 66 S Ct 154; 90 L Ed 95 (1945). The existence of minimum contacts is determined by using a three-pronged test:

> [F]irst, has the defendant purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws; second, does the cause of action arise from the defendant's activities in the state; and third, are the defendant's activities so substantially connected with Michigan that they make the exercise of jurisdiction over the defendant reasonable. [*Electrolines*, 260 Mich App at 167.]

Purposeful availment exists where the defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp v Rudzewicz*, 471 US 462, 475; 105 S Ct 2174; 85 L Ed 2d 528 (1985) (emphasis in original). " '[P]urposeful availment' is something akin either to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan, something more than a passive availment of Michigan opportunities." *Oberlies*, 246 Mich App at 433. The

point of the purposeful availment requirement is to ensure that a defendant will not be randomly "haled into a jurisdiction." *Rudzewicz*, 471 US at 475.

## A. CORPORATE DEFENDANT (COASTAL)

MCL 600.715, the long-arm statute dealing with corporations, states:

The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships: (1) The transaction of any business within the state. (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort. (3) The ownership, use, or possession of any real or tangible personal property situated within the state. (4) Contracting to insure any person, property, or risk located within this state at the time of contracting. (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant. [MCL 600.715.]

Plaintiff argues that limited personal jurisdiction over Coastal is proper in Michigan, and that the trial court therefore erred in granting the motion for summary disposition. Plaintiff is incorrect.

It is not clear that personal jurisdiction exists under the long-arm statute. The loan transaction was conducted in Texas, not Michigan, which is where the car was stored. Plaintiff alleges that Coastal, through its employees (Foley and Worthy), committed acts in Michigan, and the consequences were felt in Michigan, but this claim is dubious at best. For instance, the alleged act of calling Hagerty and telling Hagerty not to issue the check solely in plaintiff's name was not an act in the state of Michigan because Hagerty is a Nevada corporation. Whether Hagerty used to be a Michigan corporation, or whether it has a Michigan office, does not change the fact that it is not a Michigan corporation. In addition, it is difficult to conclude that the effects of the alleged act were felt in Michigan, since the car was stored in Texas, Coastal is located in Texas, the loan transaction was completed in Texas, and plaintiff listed a Texas address on the loan request form. Plaintiff's only response to this is repeated claims, unsupported by any evidence, that he is domiciled in Michigan. For these reasons, we conclude that plaintiff has not established that limited personal jurisdiction over Coastal is valid under MCL 600.715.

## B. INDIVIDUAL DEFENDANTS (FOLEY AND WORTHY)

MCL 600.705, the long-arm statute that deals with individuals, states:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1) The transaction of any business within the state. (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort. (3) The ownership, use, or possession of real or tangible personal property situated within the state. (4) Contracting to insure a person, property, or risk located within this state at the time of contracting. (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant. (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state. (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody. [MCL 600.705.]

Plaintiff argues that limited personal jurisdiction over Foley and Worthy is proper in Michigan, and that the trial court therefore erred in granting the motion for summary disposition. Plaintiff is incorrect.

The trial court correctly determined that personal jurisdiction does not exist under the long-arm statute with regard to Foley and Worthy. None of the relationships set out by MCL 600.705 exist between Foley or Worthy and the state of Michigan. Neither of them did any business in Michigan. There is no evidence that either of them owned or used property in Michigan. Neither of them contracted to insure a person or property that was in Michigan; on the contrary, their employer, Coastal, contracted to insure property that was in Galveston, Texas. Plaintiff argues that MCL 600.705(2), which deals with "[t]he doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort," is the most relevant provision in this case. Plaintiff claims that Foley's and Worthy's alleged actions resulted in consequences that occurred in the state of Michigan, and are the reason for his complaint. However, plaintiff does not go beyond merely claiming this, and provides no evidence to support his claim. In addition, as noted above and as the trial court recognized, the act that plaintiff alleges caused consequences in Michigan—contacting Hagerty—does not support plaintiff's claim, since Hagerty is a Nevada corporation. As the trial court observed, plaintiff's claim that he is domiciled in Michigan is also unsupported by the record, which casts further doubt on his claim that the consequences of Foley's and Worthy's alleged actions were felt in the state of Michigan. In sum, personal jurisdiction does not exist under the long-arm statute regarding Foley or Worthy.

## C. DUE PROCESS

In addition to failing to establish personal jurisdiction under the long-arm statutes, plaintiff has failed to show that the exercise of limited personal jurisdiction in Michigan would comport with due process. As noted above, this requires determining whether defendants have "minimum contacts" with the state in question. *Domanski*, 252 Mich App at 227; *Int'l Shoe*, 326 US at 316.

The trial court was correct to conclude that defendants do not have minimum contacts with Michigan. The first prong of the minimum contacts test, which inquires whether defendants have "purposefully availed [themselves] of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws," *Electrolines*, 260 Mich App at 167, is not satisfied in this case. As the trial court noted, there is no evidence of defendants initiating contact with plaintiff. Instead, plaintiff appears to have unilaterally sought the loan from

defendants. There were no "actions by . . . defendant[s] . . . that create a substantial connection with the forum State." *Rudzewicz*, 471 US at 475. There is no evidence that Foley or Worthy embarked on a "deliberate undertaking to do or cause an act or thing to be done in Michigan," nor is there evidence that their alleged phone call to Hagerty "can be properly regarded as a prime generating cause of . . . effects resulting in Michigan." *Oberlies*, 246 Mich App at 433. In this case, not only is it unclear whether there were any effects felt in Michigan as a result of defendants' alleged actions, there is also no evidence that defendants deliberately took an action that has any causal relationship to those alleged effects. Plaintiff argues that jurisdiction exists under the "effects doctrine" established in *Calder v Jones*, 465 US 783; 104 S Ct 1482; 79 L Ed 2d 804 (1984), because defendants' actions were deliberately aimed at the state of Michigan, where plaintiff resided, and because defendants' actions interfered with plaintiff's life in Michigan. Plaintiff's argument falls short, however, because—as the trial court noted—plaintiff has provided no evidence of his Michigan residency, no support for his claim that he experienced effects in Michigan, and no evidence that defendants' alleged actions were aimed at the state of Michigan. The only act alleged by plaintiff is a phone call to Hagerty, a Nevada corporation. In sum, defendants did not purposefully avail themselves of the privilege of doing business in Michigan. The first prong is not satisfied.

The second prong of the minimum contacts test inquires whether the cause of action arose "from the defendant's activities in the state." *Electrolines*, 260 Mich App at 167. Plaintiff argues that defendants' actions took place in the state of Michigan, but the action he bases that claim on— the alleged phone call by Coastal's employees to Hagerty—does not establish that defendants acted in Michigan. If anything, because Hagerty is a Nevada corporation, it establishes that defendants acted in Nevada. The second prong is not satisfied.

The third prong requires that the defendants' activities be "so substantially connected with [Michigan] that they make the exercise of jurisdiction over defendant reasonable." *Electrolines*, 260 Mich App at 167.. Given that Coastal, Foley, and Worthy are located in Texas, the loan originated in Texas, plaintiff listed a Texas address on the loan request, the vehicle was stored in Texas, and the only connection to Michigan plaintiff alleges is a phone call to a Nevada corporation that has one office in Traverse City, Michigan, it would be difficult to characterize defendants' connections with Michigan as being so substantial "that they make the exercise of jurisdiction over defendant reasonable." *Id*. In addition, underlying the analysis of all three of these prongs is plaintiff's claim that he is domiciled in Michigan, which plaintiff failed to substantiate.

In sum, because none of the three prongs of the minimum contacts test are satisfied in this case, defendants do not have minimum contacts with the state of Michigan and the exercise of limited personal jurisdiction in Michigan would not comport with due process. Therefore, the trial court did not err in granting defendants' motion for summary disposition.

## D. ADDITIONAL ARGUMENTS

Plaintiff argues that a previous dealing with defendants regarding a boat that was stored in Michigan was sufficient to put defendants on notice that plaintiff was domiciled in Michigan. At the motion hearing, plaintiff further argued that the previous dealing regarding the boat was sufficient to subject defendants to personal jurisdiction in Michigan. However, the presence of an item in one state while its owner is in another state does not suffice to establish the owner's

domicile. Indeed, such a principle would derail plaintiff's own argument that he is domiciled in Michigan, despite the Bentley being stored in Texas. In addition, the documentation regarding the boat, attached as an exhibit to plaintiff's initial complaint, makes no reference to the state of Michigan. In fact, the letter explicitly references Texas law and is addressed to plaintiff at a Texas address. For these reasons, plaintiff's argument lacks merit.

Plaintiff refers, in his brief on appeal, to the affidavit he submitted to the trial court as proof of the alleged legal threats leveled against him by defendants. However, plaintiff provides no reasoning or citation in support of this argument. In addition, plaintiff appears to forget that the trial court held that the affidavit was inadmissible hearsay because it was both unsigned and not notarized.[2] It is true that plaintiff submitted a signed and notarized affidavit, as well as a copy of his Michigan driver's license, with his motion for reconsideration. But we do not have to consider evidence that was provided to the trial court for the first time in a motion for reconsideration when it could have been provided in the original motion. *Yoost*, 295 Mich App at 220 (noting that a court does not err by declining "to consider new legal theories or evidence that could have been presented when the motion was initially decided"). In addition, arguments raised for the first time in a motion for reconsideration are waived on appeal. *Farmers Ins Exch v Farm Bureau Gen Ins*, 272 Mich App 106, 116; 724 NW2d 485 (2006). We need not consider these arguments.

Finally, plaintiff raises additional issues on appeal, which this Court need not address based on our finding that the trial court correctly dismissed plaintiff's claims on the basis of a lack of jurisdiction.

## IV. CONCLUSION

The trial court did not err in granting defendant's motion for summary disposition for lack of personal jurisdiction. Affirmed.


/s/ David H. Sawyer
/s/ Mark T. Boonstra
/s/ Michelle M. Rick

---

[2] The trial was also correct to not consider the unsigned affidavit because, in Michigan, an unsigned affidavit that was not notarized does not have to be considered by a trial court on a motion for summary disposition. *Liparoto Constr Co v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009); *Gorman v American Honda Motor Co*, 302 Mich App 113, 120; 839 NW2d 223 (2013).