*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOBILE MRI STAFFING LLC, doing business as
METRO MRI CENTER,

UNPUBLISHED
January 20, 2022

Plaintiff-Appellee,

v

No. 355162
Washtenaw Circuit Court
LC No. 20-000783-AV

MEEMIC INSURANCE COMPANY,

Defendant-Appellant.

Before: SAWYER, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court order denying defendant's application for leave to appeal the denial of its motion for summary disposition in the district court, because there was no "need for appellate review." We reverse.

## I. FACTUAL BACKGROUND

On July 11, 2018, Sherita Minor was involved in a motor vehicle accident. Minor had no-fault insurance through defendant. On July 28, 2018, plaintiff took three magnetic resonance imaging (MRI) scans of Minor's back and charged $5,000 for each MRI. The parties do not dispute that Minor assigned her rights to pursue and collect benefits for the MRIs to plaintiff. On April 3, 2019, defendant paid $1,300 per MRI to plaintiff. On November 13, 2019, plaintiff filed a complaint against defendant in the 15th District Court seeking personal protection insurance (PIP) benefits of the full amount billed for the three MRIs. Defendant moved in the district court for summary disposition under MCR 2.116(C)(8) on June 3, 2020, arguing plaintiff's complaint, which was filed more than one year after the MRI expenses were incurred, violated the one-year-

---

[1] *Mobile MRI Staffing, LLC v Meemic Ins Co*, unpublished order of the Court of Appeals, entered January 27, 2021 (Docket No. 355162), p 1.

back rule,[2] MCL 500.3145(1). A hearing was held in the district court on July 24, 2020. The district court denied summary disposition to defendant. Defendant applied for leave to appeal the July 24, 2020 order to the circuit court, which the circuit court denied because it was not persuaded that appellate review was warranted. This appeal followed.

## II. STANDARD OF REVIEW

In Michigan, a party may move the court for summary disposition in their favor. MCR 2.116(B)(1). Such a motion must be supported by depositions, admissions, or other documentary evidence. MCR 2.116(G)(3), (4).

We review de novo a trial court's decision to grant or deny summary disposition. *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). The de novo standard of review means that we review the issues independently, without deference to the trial court's decision. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009), citing *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 714 n 33; 624 NW2d 443 (2000). A reviewing court must accept all well-pleaded factual allegations as true and consider the evidence in the light most favorable to the nonmoving party. *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010).

The district court denied defendant's motion for summary disposition under MCR 2.116(C)(8),[3] which allows a party to move for dismissal of an action where "[t]he opposing party has failed to state a claim on which relief can be granted." "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159- 160; 934 NW2d 665 (2019), citing *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil*, 504 Mich at 160, citing *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013); see also *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). However, "the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance*, 204 Mich App 392, 395; 516 NW2d 498 (1994). "Summary disposition on the basis of [MCR 2.116](C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development

---

[2] The one-year-back rule states that a plaintiff must provide notice to his or her insurer within one year of the accident if he or she wants to maintain a claim for PIP benefits. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012).

[3] Defendant argues in its brief on appeal that the district court's review of defendant's motion for summary disposition occurred under MCR 2.116(C)(10) rather than MCR 2.116(C)(8) because additional documents presented with plaintiff's response to defendant's motion for summary disposition appear to have been considered by the district court. This argument is incorrect because defendant's motion for summary disposition was filed under MCR 2.116(C)(8), and the district court's decision was based on the legal insufficiency of defendant's arguments, which falls directly within the purview of MCR 2.116(C)(8).

could possibly justify a right of recovery." *Bedford v Witte*, 318 Mich App 60, 64; 896 NW2d 69 (2016), citing *Dalley*, 287 Mich App at 305; see also *Maiden*, 461 Mich at 119.

We also review de novo questions of statutory interpretation, including whether a statute applies retroactively. *Johnson v Pastoriza*, 491 Mich 417, 428-429; 818 NW2d 279 (2012); *In re Estate of Moukalled*, 269 Mich App 708, 713; 714 NW2d 400 (2006), citing *Roan v Murray*, 219 Mich App 562, 565; 556 NW2d 893 (1996). The de novo standard of review applies to our interpretation of both Michigan statutes and the Michigan Rules of Court. *State Farm Fire & Casualty Co v Corby Energy Servs, Inc*, 271 Mich App 480, 483; 722 NW2d 906 (2006); *Webb v Holzheuer*, 259 Mich App 389, 391; 674 NW2d 395 (2003).

## III. LAW AND ANALYSIS

"The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012). Before it was amended in 2019, the statute read:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, *the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced . . . .* [MCL.500.3145(1) (emphasis added).]

MCL 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and now states, in relevant part:

> (2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.*
>
> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled *from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim*. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [MCL 500.3145(2), (3) (emphasis added).]

The amendments to MCL 500.3145 were to be given "immediate effect." 2019 PA 21.

The Legislature's intent governs whether a statute applies retroactively or prospectively. *Johnson*, 491 Mich at 429. "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Id.* For instance, in MCL 141.1157, the Legislature stated the amended act "shall be applied retroactively . . . ." MCL 141.1157. Retroactive application, on the other hand, is not common or presumed. As our Supreme Court explained in *LaFontaine*:

> Retroactive application of legislation "presents problems of unfairness . . . because it can deprive citizens of legitimate expectations and upset settled transactions." We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 38-39; 852 NW2d 78 (2014) (citation omitted).]

"Michigan courts have followed the general rule that the relevant inquiry in determining the applicability of a statute is the date on which the cause of action arose." *Hill v Gen Motors Acceptance Corp*, 207 Mich App 504, 513-514; 525 NW2d 905 (1994). "The substantive rights and liabilities of parties are determinable according to the law as it stood when the causes alleged by the plaintiff accrued." *Jones v Williams*, 172 Mich App 167, 171; 431 NW2d 419 (1988). Generally, a claim accrues at the time the wrong upon which the claim is based was done. MCL 600.5827. The "wrong" is the date on which the plaintiff is harmed. *Frank v Linkner*, 500 Mich 133, 147; 894 NW2d 574 (2017).

The issue in this case essentially boils down to whether the preamendment version of MCL 500.3145, or the amended version of MCL 500.3145, applies. If the preamendment version of the one-year-back rule applies in this case, then plaintiff's action must be dismissed as untimely. The claim accrued on July 28, 2018, when the three MRIs were taken, and plaintiff failed to file a complaint until November 13, 2019, over a year later. If, on the other hand, the amended version of the one-year-back rule applies, plaintiff's claim was timely, and the district court did not err in denying summary disposition. The one-year period did not begin until April 3, 2019, the date on which defendant denied full payment of the claim. Therefore, plaintiff's November 13, 2019 complaint was within the one-year period.

In holding the amended version of the one-year-back rule applied, the district court reasoned the lawsuit was "viable" on June 11, 2019, the date on which the amended version of the statute went into effect. Since the complaint was filed on November 13, 2019, less than a year after defendant submitted only partial payment to plaintiff, the complaint was timely. In sum, the district court found, because the one-year-back rule did not yet prohibit plaintiff's claim on June

11, 2019, when the amended rule when into effect, the amended rule extended the timeframe within which plaintiff could file its complaint.

However, the district court's opinion answers only the surface-level question and fails to address the underlying issue of whether the provision in question operates retroactively—and why. The district court appears to have assumed the amended one-year-back rule operated retroactively, but failed to provide an explanation of its position. As noted above, the issue in this case is whether the preamendment version of MCL 500.3145, or the amended version of MCL 500.3145, applies, and the answer to that question depends on resolving the retroactivity question.

We conclude the district court and the circuit court erred. This conclusion is based on the foundational presumption in Michigan against retroactive application of legislation. *Johnson*, 491 Mich at 429. Instead, the presumption is for prospective application. "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Id*. Unlike MCL 141.1157, in which the Legislature clearly stated the amended act "shall be applied retroactively," there is no such language in MCL 500.3145 or 2019 PA 21. Simply put, no explicit or implicit reference to retroactivity exists in either the statute or the amendment. *Johnson*, 491 Mich at 432. And the "[u]se of the phrase 'immediate effect' does not at all suggest that a public act applies retroactively." *Id*. at 430. Therefore, in light of the presumption in favor of prospective application, the district court erred.

Plaintiff argues the relevant law is not the law in existence on the date the claim accrues, but rather the law in existence on the date the action was commenced. Plaintiff cites no law in support of this assertion, referencing only that the words "commencement of an action" are used in the legislation. Plaintiff argues the applicable law is therefore the amended version of the one-year-back rule, since the law in existence on November 13, 2019, was the amended statute. However, plaintiff and the district court fail to recognize that "the relevant inquiry in determining the applicability of a statute is the date on which the cause of action arose." *Hill*, 207 Mich App at 513-514; *Jones*, 172 Mich App at 171.

Generally, a claim accrues at the time the wrong upon which the claim is based was done. MCL 600.5827; *Frank*, 500 Mich at 147. In this case, the wrong upon which the claim is based was the partial payment of the medical expenses. This was the sole reason for plaintiff's complaint. We conclude that the "wrong" was done on April 3, 2019, the date on which defendant made the partial payment, which was over two months before the amended version of MCL 500.3145 went into effect. Even if the "wrong" is placed on April 8, 2019, the date on which plaintiff was notified of the partial payment, there still are more than two months between that date and the effective date of the amended rule. Additionally, even if the proper date of accrual is July 28, 2018, the date on which the medical expenses were assigned to plaintiff, there is still a significant amount of time between that date and June 11, 2019. Therefore, whether the claim accrued on July 28, 2018, April 3, 2019, or April 8, 2019, the law in effect at that time—and therefore the law that applies to this case—is the preamendment version of the one-year-back rule.

In *Bradfield v Estate of Burgess*, 62 Mich App 345, 351-352; 233 NW2d 541 (1975), we dealt with the very issue presented in this case: whether an amended version of a statute applied to a case in which the cause of action accrued before the amendment but the complaint was filed after the amendment. *Bradfield* involved a wrongful death claim that accrued on November 12, 1969,

but was not filed until October 26, 1972. *Id*. at 346-347. In between those two dates, the statute, MCL 600.2922, was amended on March 30, 1972. *Id*. at 351-352. We concluded that the preamendment version of the statute controlled, stating: "Since statutes are to be given prospective effect exclusively unless a clear, unambiguous intent for retroactive application is expressed by the legislature, the amendment herein does not govern the instant action." *Id*. at 352. The same is true in this case. The preamendment version of the one-year-back rule applies because there is no "clear, unambiguous intent for retroactive application . . . expressed by the legislature . . . ." *Id*. at 352.

Plaintiff attempts to make an "intention by omission" argument. Plaintiff claims, had the Legislature intended for the amended MCL 500.3145 to be applied only prospectively, they would have said so. In plaintiff's view, the omission of such a statement means the Legislature intentionally chose to have the amended statute apply retroactively. This argument falls short, however, because plaintiff fails to recognize the fact that there is no need for an explicit statement regarding prospective application. Prospective application is presumed. *Nortley v Hurst*, 321 Mich App 566, 571; 908 NW2d 919 (2017). A statement is only needed for retroactive application, and there is no such statement in the legislation in this case. Plaintiff has it backward. Plaintiff's argument also runs into logical difficulties. The omission of one thing does not necessarily mean that its opposite is being intentionally endorsed.

Plaintiff also maintains the four *LaFontaine* factors for determining whether a statute has retroactive effect also support retroactive application. Plaintiff is incorrect. Those factors include:

> First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine*, 496 Mich at 38-39.]

Regarding the first factor, plaintiff argues that a reading of the "immediate effect" instruction in the context of the whole statute—particularly the lack of any language specifically excluding retroactive application—suggests retroactive application is appropriate. This argument again reverses the presumption under Michigan law. Contrary to plaintiff's position, the presumption is against retroactive application, and express language would be needed to make retroactive application possible. No such language exists in this case.

Regarding the second factor, plaintiff argues that whether the amended statute affects or references antecedent events like the incurring of medical expenses does not require a finding that the statute operates retroactively. We concur with defendant, however, that the second factor is irrelevant to this case because the amended version of MCL 500.3145 does not refer to an antecedent event.

Regarding the third and fourth factors, plaintiff argues the one-year-back rule must be applied retroactively because the amendment is procedural in nature and would not affect any

vested rights. We again agree with defendant because applying MCL 500.3145 retroactively would effectively allow plaintiff to rewrite history and would require defendant to go back in time and issue a formal denial of plaintiff's claim at a time when it was not required to do so. Retroactive application would also make the one-year-back rule essentially meaningless by allowing plaintiff to bring its complaint beyond one year after the partial payment of the medical expenses. Instead, it is more likely that retroactive application is not warranted because plaintiff appears to have failed to "pursue the claim with reasonable diligence," MCL 500.3145(3). Indeed, plaintiff's interpretation of MCL 500.3145 could have negative public policy effects. In particular, it could incentivize providers to resurrect long-dead claims and use the tolling provision of the amended statute to get a second bite at the apple.

Plaintiff also argues, because there has been no formal denial of plaintiff's claim by defendant, plaintiff's claim is timely. This argument is a nonstarter, however, because the language regarding formal denial is only found in the amended version of MCL 500.3145, which, as we have determined, does not apply in this case.

For these reasons, the district court erred in denying summary disposition and the circuit court erred in denying defendant's application for leave to appeal.

## IV. CONCLUSION

Reversed. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michelle M. Rick