*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DUTCH BAKER,

      Plaintiff-Appellee,

v

ROY BETHAM,

      Defendant-Appellant.

UNPUBLISHED
July 20, 2023

Nos. 362326; 362327
Montcalm Circuit Court
LC Nos. 2022-029007-AV; 2021-
028096-AV

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

PER CURIAM.

These consolidated appeals involve summary proceedings to recover possession of real property. In Docket No. 362326, defendant, Roy Betham, appeals by leave granted the circuit court order reversing a district court order staying eviction proceedings until the conclusion of Betham's separate quiet-title action. In Docket No. 362327, Betham appeals by delayed leave granted the circuit court order affirming a district court order that awarded possession of the property to plaintiff, Dutch Baker.[1] For the reasons in this opinion, we conclude that the district court improperly granted the judgment of possession in favor of Baker. As a result, the circuit court erred by affirming that order. The circuit court also erred by reversing the district court's later order staying the eviction and remanding to the district court to enter an eviction order. Accordingly, we reverse.

## I. BASIC FACTS

This case arises out of a complaint to recover property. According to Betham, he and his wife, who is now deceased, contacted Baker in response to a newspaper advertisement for the sale of a home on a land contract for $58,000, with a $25,000 down payment. The parties met in June 2016 to negotiate the terms of an agreement related to the property. Betham's wife drafted the handwritten document, which stated that the property would be sold for a total of $43,300, with a

---

[1] See *Baker v Betham*, unpublished order of the Court of Appeals, entered September 29, 2022 (Docket No. 362326).

down payment of $25,000. The remaining mortgage balance of $18,300 was the responsibility of Betham and his wife. The document further stated that the $25,000 down payment was a loan to Baker for security of his fiancée's "inheritance." At the bottom, the document provided, "Reguardless [sic] this is a final sale." The document was signed by the parties and notarized in July 2016. The parties later redrafted the agreement to include additional information, such as the parties' dates of birth and addresses. Otherwise, the pertinent terms of the agreement remained the same. The parties signed and notarized the revised agreement in September 2016.

Betham paid the $25,000 down payment in cash. According to Betham, Baker sent the $25,000 to his fiancée, who was living in Africa to secure her inheritance of a gold mine. Betham believed that Baker was to use the $25,000 for personal reasons and would pay the mortgage on the property until he had paid a total of $25,000. Thereafter, Betham would be responsible for paying the remaining mortgage balance.

Betham moved onto the property in November 2016. In 2019, Betham learned that the property was at risk of going into foreclosure because Baker had stopped making mortgage and tax payments. Betham began making mortgage payments in September 2019.

In April 2021, Baker served Betham with a notice to quit, claiming that the parties' relationship was a tenancy at will or by sufferance, which was subject to termination at any time. Betham believed that Baker removed his access to make payments on the mortgage account sometime in May 2021. Baker then filed a complaint in the district court to recover possession of the property. Betham opposed the possession action, arguing that he had an equitable right to the property because the 2016 agreement was a land contract.

The district court declined to consider whether the agreement constituted a land contract because it believed that it did not have the jurisdiction to do so. The district court granted the possession interest to Baker, but it also ordered:

> No Order of Eviction will enter for 90 days from the date of entry of this Judgment or if [Betham] files an action for quiet title or other equitable relief in the Eighth Circuit Court, at which point this case will be stayed indefinitely pending a final resolution of that action. If no action is filed within 90 days from this date, then [Baker] may apply for an Order of Eviction.

Betham appealed to the circuit court. The parties stipulated to an order that required Betham to make monthly escrow payments in the amount of $431.81 to the mortgage servicer, beginning in September 2021. The order also stayed enforcement of the judgment of possession pending resolution of the appeal. Betham filed a separate quiet-title action in the circuit court before the circuit court decided his appeal in the possession action. After holding a hearing to consider the appeal, the circuit court affirmed the district court's order and remanded the case to the district court for further proceedings.

In the district court, Betham moved to stay entry of the eviction order and continue escrow payments until the quiet-title action was decided. The district court granted the motion. Baker appealed the district court's order granting the stay to the circuit court. The circuit court held a

hearing to consider the parties' arguments. Ultimately, the court decided that because Betham failed to file the quiet-title action within the 90-day deadline provided in the district court's possession order, the district court erred by granting the motion to stay. As a result, the circuit court reversed the district court's order to stay and remanded the matter to the district court for entry of an order of eviction.

Betham now appeals the circuit court's order affirming the district court's judgment of possession in favor of Baker, and the circuit court's order reversing the district court's order staying the eviction and remanding the matter for entry of an eviction order.

## II. SUMMARY PROCEEDINGS TO RECOVER POSSESSION

### A. STANDARD OF REVIEW

This Court reviews a circuit court's review of a district court order de novo. *Noll v Ritzer*, 317 Mich App 506, 510; 895 NW2d 192 (2016). Moreover, this Court reviews de novo a lower court's interpretation of Michigan statutes, *id.*, and court rules, *Webb v Holzheuer*, 259 Mich App 389, 391; 674 NW2d 395 (2003).

### B. ANALYSIS

MCL 600.5704 provides that the district court has jurisdiction over summary proceedings to recover possession of premises. According to MCL 600.5714(1)(c), a person may recover possession by summary proceedings:

> (c) When a person holds over premises in 1 or more of the following circumstances:

> (*i*) After termination of the lease, pursuant to a power to terminate provided in the lease or implied by law.

> (*ii*) After the term for which the premises are demised to the person or to the person under whom he or she holds.

> (*iii*) After the termination of the person's estate by a notice to quit as provided by . . . MCL 554.134.

The powers of a court having jurisdiction over summary proceedings are stated in MCL 600.5732. which provides:

> Pursuant to applicable court rules, a court having jurisdiction over summary proceedings may provide for pleadings and motions, issue process and subpoenas, compel the attendance and testimony of witnesses, enter and set aside defaults and default judgments, allow amendments to pleadings, process, motions and orders, order adjournments and continuances, make and enforce all other writs and orders and do all other things necessary to hear and determine summary proceedings.

The procedures for a summary proceeding to recover possession of premises is also governed by the Michigan court rules. MCR 4.201(J)(2) states that, "[a]t trial, the court must first decide pretrial motions and determine if there is a triable issue" and that "[i]f there is no triable issue, the court must enter judgment." Under MCL 600.5741 "[i]f the jury or the judge finds that the plaintiff is entitled to possession of the premises, or any part thereof, judgment may be entered in accordance with the finding and may be enforced by a writ of restitution . . . ." A judgment for the plaintiff must "state when and under what conditions, if any, an order of eviction will issue[.]" MCR 4.201(K). "When the time stated in the judgment expires, a party awarded possession may apply for an order of eviction." MCR 4.201(L). See also MCL 600.5744(1).

MCR 4.201(G)(2) addresses the circumstances in which a possession action may be removed from the district court:

> (a) A summary proceedings action need not be removed from the court in which it is filed because an equitable defense or counterclaim is interposed.

> (b) If a money claim or counterclaim exceeding the court's jurisdiction is introduced, the court, on motion of either party or on its own initiative, shall order, in accordance with the procedures in MCR 4.002, removal of that portion of the action to the circuit court, if the money claim or counterclaim is sufficiently shown to exceed the court's jurisdictional limit.

In this case, Baker asserted that because there was no written document granting Betham legal possession of the property, Betham's physical possession of the premises was considered a tenancy by sufferance or a tenancy by will, which was properly terminated by Baker's notice to quit. Betham disputed that he was a tenant by will or a tenant by sufferance. Rather, he contended that the parties agreed to the sale of the property pursuant to a land contract. In *Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999), this Court defined a "land contract" as an agreement "for the sale of an interest in real estate in which the purchase price is to be paid in installments (other than an earnest money deposit and a lump-sum payment at closing) and no promissory note or mortgage is involved between the seller and the buyer." (Quotation marks and citation omitted.) "A land contract is therefore an executory contract in which legal title remains in the seller/vendor until the buyer/vendee performs all the obligations of the contract while equitable title passes to the buyer/vendee upon proper execution of the contract." *Id*. According to Betham, because he was a vendee pursuant to a land contract, Baker's initiation of summary proceedings to recover possession was inappropriate. As a result, he contends that the court could not grant possession to Baker without first determining whether the land contract was valid. In response, Baker disputed the validity of the land contract.

The district court declined to address the issue, concluding that it was outside of its jurisdiction. Betham later filed a quiet-title action in the circuit court to address the existence of a land contract. Although the district court may have had jurisdiction to consider Betham's equitable defense, see MCR 4.201(G)(2)(a), we do not believe that the district court necessarily erred by declining to consider it. The circuit court will decide the issue in a separate proceeding that has already commenced.

Nonetheless, the district court erred by granting judgment of possession in favor of Baker without making any determination that he was entitled to the physical possession of the property. The district court indicated that there was a triable issue concerning the existence of a land contract, but it decided to grant possession to Baker without any explanation. That was contrary to MCR 4.201(J)(2), which provides that the court must enter judgment if there is no triable issue. Disputes concerning the parties' relationship and the existence of any agreements should have been resolved before the court decided the possession issue because the successful party may request an order of eviction after the time provided in the judgment expires. MCR 4.201(K)(1)(b); MCR 4.201(L)(1). It would be unreasonable for Betham to be evicted considering the district court's conclusion that there was a triable issue as to the existence of a land contract. Ultimately, given the district court's reluctance to consider the land-contract issue, it should have declined to rule on the possession action until the triable issue was resolved.

Because the district court erred by issuing the judgment of possession, it follows that the circuit court erred by affirming that judgment. In the appeal, the circuit court focused on the district court's decision not to consider the land-contract issue. The court concluded that the issue belonged in the circuit court, and it was proper for the district court to decline to address it. However, the circuit court failed to address Betham's assertion that the district court erred by granting possession to Baker without determining whether there was a factual basis supporting that decision. As a result, the circuit court's affirmance of the judgment of possession was erroneous.

Moreover, because the district court erred by entering the judgment of possession in favor of Baker (and that the circuit court erred by affirming that order), it follows that the circuit court erred by reversing the stay and remanding the case to the district court for entry of an eviction order because Baker is not entitled to such an order. See MCL 600.5744(1); MCR 4.201(L).

We reverse and remand for further proceedings consistent with this opinion. Betham may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ James Robert Redford